

**FILED**

MAY 2 0 2026

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALIK SHAW a/k/a Jumpout,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Cause No.    **1:26-cr-108-SEB-MJD**<br>)<br>)<br>)<br>)<br>) |

## <u>I N D I C T M E N T</u>

The Grand Jury charges that:

### <u>COUNT ONE</u>
### 18 U.S.C. § 1958
### *CONSPIRACY TO USE INTERSTATE COMMERCE FACILITIES IN THE COMMISSION OF MURDER FOR HIRE*

Beginning no later than March 17, 2024, continuing through mid-April 2024, the exact dates being unknown to the grand jury, in the Southern District of Indiana and elsewhere, the defendant MALIK SHAW a/k/a Jumpout did conspire with Austin Gross a/k/a Big Johnny, charged elsewhere, and others known and unknown to the grand jury, to use a facility of interstate or foreign commerce (to wit: cellular phones), with the intent that one or more murders be committed in violation of the laws of the State of Indiana (to wit: the crime of Murder, in violation of Indiana Criminal Code 35-42-1-1(1)), and did so as consideration for a promise of a thing of pecuniary value (to wit: a sum of money), and this resulted in the death of one or more individuals, to include Spencer Lawson.

1

<u>OVERT ACTS</u>

1.      On March 17, 2024, MALIK SHAW used his cell phone to communicate with Austin Gross about MALIK SHAW killing "Domo," whose identity is known to the grand jury, wherein MALIK SHAW was told to go ahead and kill "Domo."

2.      On March 20, 2024, MALIK SHAW used his cell phone to communicate with Austin Gross about MALIK SHAW killing "Domo" and his brother "Tator" (whose identity is also known to the grand jury), in exchange for money, wherein MALIK SHAW was told that he would be paid $30,000 for killing "Tator."

3.      On March 22, 2024, MALIK SHAW , MALIK SHAW used his cell phone to communicate with Austin Gross about MALIK SHAW killing "Domo" and "Tator" in exchange for money; wherein MALIK SHAW was offered additional money to kill "Tator" if he video taped the murder, and additional money if he video called Austin Gross before the murder and allowed Austin Gross to talk with "Tator" before he was killed.

4.      On March 25, 2024 into March 26, 2024, MALIK SHAW used his cell phone to communicate with Austin Gross about MALIK SHAW killing an individual, wherein MALIK SHAW was given multiple locations to check to find the intended victim.

5.      On April 5, 2024, MALIK SHAW used a cell phone to communicate with Austin Gross about the intended victim of a murder that Gross wanted MALIK SHAW to commit, during which Gross told MALIK SHAW that the intended victim usually traveled by himself, rather than with other people.

6.      On April 10, 2024, MALIK SHAW used a cell phone to communicate with Austin Gross about the intended victim of a murder Gross wanted MALIK SHAW to commit, during which Gross told MALIK SHAW to be careful about what car he drove,

because the intended victim was familiar with the vehicle MALIK SHAW intended to use.

7.    On April 12, 2024, MALIK SHAW traveled in and near the vicinity of 45th Street and Post Road in Indianapolis, Indiana, looking for a location he could use to kill Spencer Lawson in exchange for payment.

8.    On April 12, 2024, MALIK SHAW used a cell phone to communicate with Austin Gross about intended victim Spencer Lawson; in that conversation, Gross told MALIK SHAW that Spencer Lawson was traveling with another individual, and that MALIK SHAW was to kill both individuals.

9.    On April 12, 2024, MALIK SHAW received a photograph of intended victim Spencer Lawson on his cell phone, which was sent to him to ensure that MALIK SHAW could confirm that he was killing the correct individual.

10.    On April 12, 2024, MALIK SHAW and Austin Gross communicated over cell phone, and in this communication, MALIK SHAW was instructed to make sure that each victim was shot at least one time in the head, to ensure that the victims were killed and not merely injured.

11.    At approximately 7:00 p.m. E.S.T. on April 12, 2024, Austin Gross communicated with MALIK SHAW over a cell phone, and informed SHAW that the intended victims had arrived at the prearranged location in Indianapolis, Indiana, where the victims were to be killed by Shaw and Shaw's associate.

12.    At approximately 7:15 p.m. E.S.T. on April 12, 2024, MALIK SHAW and a second associate shot Spencer Lawson, Aaliyah Wortman, and Londyn Coleman to

death in an apartment complex parking lot in Lawrence, Indiana; each victim was shot multiple times, including at least once in the head.

13.     MALIK SHAW received a sum of cash in exchange for committing the above-described murders on April 12, 2024, which had been previously promised to MALIK SHAW in exchange for murdering Spencer Lawson.

All in violation of Title 18, United States Code, Section 1958.

## COUNT TWO
## 18 U.S.C. § 1958
### *USE OF INTERSTATE COMMERCE FACILITIES IN THE COMMISSION OF MURDER FOR HIRE*

On or about April 12, 2024, in the Southern District of Indiana and elsewhere, the defendant MALIK SHAW a/k/a Jumpout did use and cause to be used facilities of interstate commerce (to wit: cellular phones), with the intent that the murder of Spencer Lawson be committed in violation of the laws of the State of Indiana (to wit: the crime of Murder, in violation of Indiana Criminal Code 35-42-1-1(1)), and did so as consideration for a promise of a thing of pecuniary value (to wit: a sum of money), and this resulted in the death of one or more individuals, to include Spencer Lawson.

## COUNT THREE
## 18 U.S.C. § 922(g)(1)
### Possession of a Firearm by a Convicted Felon

On or about April 12, 2024, within the Southern District of Indiana, MALIK SHAW a/k/a Jumpout, defendant herein, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly

4

possess one or more firearms having been shipped and transported in interstate commerce; to-wit, a Glock GMBH Model 19 9 millimeter pistol/ a Glock GMBH Model 20 Gen 4 10 millimeter pistol, after having sustained convictions for the following felony offenses: Theft of a Firearm in Hendricks County Superior Court (Indiana) on or about August 3, 2023; and/or Auto Theft in Sullivan County Superior Court (Indiana) on or about March 13, 2019.

All in violation of Title 18 United States Code, Section 922(g)(1).

## NOTICE OF SPECIAL FINDINGS

The allegations in this Indictment are hereby re-alleged and incorporated herein by reference as if fully set forth.

### Title 18, United States Code, Sections 3591 and 3592

The Grand Jury further finds:

Pursuant to the provisions of Title 18, United States Code, Sections 3591 and 3592, the following factors exist regarding defendant MALIK SHAW's commission of the offense set forth in the indictment, respectively, and the allegations of these Counts are realleged as if fully set forth herein:

### A.    Statutory Factors Enumerated Under Title 18 U.S.C. § 3591

1.    MALIK SHAW was 18 years of age or older at the time he committed the offenses in the indictment.  [18 U.S.C. § 3591].

2.    MALIK SHAW intentionally participated in an act, contemplating that the life of a person, Spencer Lawson, would be taken or intending that lethal force would

5

be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act. [18 U.S.C. § 3591(a)(2)(C)].

## B.    Statutory Factors Enumerated Under Title 18, United States Code, Section 3592(c)

1.    The defendant MALIK SHAW, in the commission of the offense and/or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. [18 U.S.C. § 3592(c)(5)].

2.    The defendant MALIK SHAW committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.  [18 U.S.C. § 3592(c)(8)].

3.    The defendant MALIK SHAW intentionally caused the killing of more than one person in a single criminal episode. [18 U.S.C. § 3592(c)(16)].

## FORFEITURE

1.    The allegations contained in Count One and Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924 and Title 28, United States Code, Section 2461(c).

2.    Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924, and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1958, the defendant MALIK SHAW

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and any firearm or ammunition involved in or used in a violation of the statute. The property to be forfeited includes, but is not limited to, the following:

- Glock GMBH Model 19 9-millimeter pistol, Serial Number AHMF169;
- A Glock GMBH Model 20 Gen 4 10-millimeter pistol, Serial Number BYGE547.

Further, pursuant to Title 21, Section 853, the United States further notifies the Defendant that it will seek a money judgment in an amount not less than $30,000.00 U.S. Currency.

3.      The allegations contained in Count Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

4.      Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924, and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922, the defendant MALIK SHAW shall forfeit to the United States of America any firearm or ammunition involved in or used in a violation of the statute. The property to be forfeited includes, but is not limited to, the following:

- Glock GMBH Model 19 9-millimeter pistol, Serial Number AHMF169;
- A Glock GMBH Model 20 Gen 4 10-millimeter pistol, Serial Number BYGE547.

5.      If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).



THOMAS E. WHEELER II
United States Attorney

By:  Michelle P. Brady
Assistant United States Attorney
::NJL